# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

Charles R. Fulbruge III
Clerk

No. 09-10469
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL ZAVALA-ALONSO,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:08-CR-237-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Angel Zavala-Alonso pleaded guilty of illegal reentry.  He unsuccessfully

objected to the presentence report ("PSR"), arguing that a 16-level enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 2L1.2(b)(1)(A)(i) was improperly applied because "there ha[d] been no showing with competent evidence that he was convicted of an offense that qualifies as a drug trafficking offense."

Zavala-Alonso contends in his initial brief that the documents available to the district court were inadequate to demonstrate that he received at least one sentence under California Health and Safety Code § 11351 or § 11351.5, each of which he admits states a drug trafficking offense. *See United States v. Palacios-Quinonez*, 431 F.3d 471, 474 (5th Cir. 2005). Zavala-Alonso argues that the court erred in determining that the California abstract of judgment and the criminal information are sufficiently reliable competent evidence.

In his reply brief, however, Zavala-Alonso concedes that he was deported after three qualifying drug trafficking offenses, his convictions under §§ 11351 and 11351.5. For the first time in his reply brief, he argues "that the record was inconsistent regarding which statutory offenses produced a sentence . . . in excess of 13 months," and he describes, as the critical issue on appeal, "which counts of conviction produced a qualifying sentence" to support the 16-level enhancement. If Zavala-Alonso had been deported following a drug trafficking offense for which he was sentenced to 13 months or less, he would have received a 12-level rather than 16-level enhancement. § 2L1.2(b)(1)(B).

We do not entertain arguments made for the first time in a reply brief where the same issue has not been raised by the appellee. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009). We note, moreover, that no evidence presented to the district court indicates that Zavala-Alonso received a sentence of 13 months or less for his three drug trafficking offenses. The PSR reported two five-year sentences, at least one of which was for a drug trafficking offense, and the abstract of conviction reflects concurrent sentences of five, four, and three years, the four- and three-year sentences being imposed for a qualifying drug trafficking crime. The judgment is AFFIRMED.